UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| |
| |
ABB, INC., | Case No. 1:07-cv-420
| |
Plaintiff, | Hon. Paul L. Maloney
| |
v. | |
| |
REED CITY POWER LINE SUPPLY COMPANY, | |
| |
Defendant. | |
| |

**<u>Order</u>**
**Denying As Moot the Defendant's Motion to Dismiss the Original Complaint**

In April 2007, plaintiff ABB, Incorporated ("ABB") filed the original complaint, and defendant Reed City Power Line Supply Company ("Reed") filed an answer in June 2007.  On August 8, Reed filed a motion to dismiss the complaint.

On August 10, ABB filed a joint proposed stipulation allowing ABB to seek to amend the complaint by September 7.  Magistrate Judge Carmody entered the stipulation on August 16.  On September 7, ABB filed a joint proposed stipulation permitting it to file an amended complaint, which Magistrate Judge Carmody granted on September 12.  On September 14, ABB filed the amended complaint.

"[O]nce accepted, an amended complaint replaces the original." *Florida Dept' of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 702 (1982) (White, J., concurring in part and dissenting in part on other grounds, joined by Powell, Rehnquist, & O'Connor, JJ.).  The filing of the amended

complaint "render[s] the original complaint null and void . . . ." *Vadas v. US*, No. 06-2087, – F.3d –, 2007 WL 1288335, at *5 n.4 (2d Cir. May 3, 2007) (adopting party's quotation from district court decision).[1]

Because the original complaint has been superseded and nullified, there is no longer a live dispute[2] about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot. *See ComputerEase Software, Inc. v. Hemisphere Corp.*, No. 06cv247, – F. Supp.2d –, 2007 WL 852103, at *1 (S.D. Ohio Mar. 19, 2007) ("Since the amended complaint

---

[1]

*Accord Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 88 n.2 (**1st Cir.** 2007) ("[Plaintiff's] amended complaint completely supersedes his original complaint, and thus the original complaint no longer performs any function in the case.") (citation omitted);

*Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (**4th Cir.** 2001) (amended pleading renders original pleading of no effect);

*Swanson v. Perez*, No. 05-10455, – F. App'x –, 2007 WL 2326160, at *1 (5th Cir. Aug. 15, 2007) ("An amended complaint supersedes the original complaint and renders it of no legal effect . . . .") (quoting *King v. Dogan*, 31 F.3d 344, 346 (**5th Cir.** 1994));

*In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (**8th Cir.** 2000) (same);

*Enderwood v. Sinclair Broadcast Group, Inc.*, No. 06-6232, – F. App'x –, 2007 WL 1180426, at *6 (**10th Cir.** Apr. 23, 2007) ("an amended complaint ordinarily supercedes the original complaint and renders it of no legal effect") (quoting *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991)).

*See, e.g., General Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1376 (8th Cir. 2007) ("Kraft had filed a counterclaim to General Mills' original complaint, but that complaint was superseded by General Mills' amended complaint, and at the time the district court entered judgment, Kraft had not filed an amended answer re-pleading the counterclaim."), *clarified on panel reh'g o.g.*, Nos. 2006-1569 and 2006-1606, – F.3d –, 2007 WL 2176991 (8th Cir. July 31, 2007).

[2]

*Cf. May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000) ("If these subsequent amended complaints have, in fact, superseded May's original amended complaint, the present appeal would be moot because there would no longer be a live dispute over whether Sheahan is entitled to qualified immunity based on the allegations in the Amended Complaint.").

replaces the original complaint, the motion to dismiss the original complaint is moot . . . ."); *Scuba v. Wilkinson*, No. 1:06cv160, 2006 WL 2794939, at *2 (S.D. Ohio Sept. 27, 2006) ("Since the amended complaint replaces the original complaint, the motions to dismiss the original complaint are moot."); *Weiss v. Astella Pharma US, Inc.*, No. 5:05cv527, 2006 WL 1285406, at *1 n.1 (E.D. Ky. May 10, 2006) (following amendment of complaint, motions to dismiss the original complaint were moot); *Cedar View, Ltd. v. Colpetzer*, No. 5:05cv782, 2006 WL 456482, at *5 (N.D. Ohio Feb. 24, 2006) (Ann Aldrich, J.) (the "earlier motion to dismiss . . . and motion for judgment on the pleadings . . . are denied as moot, as they refer to a version of the complaint that has since been replaced . . . ."); *Ky. Press Ass'n, Inc. v. Ky.*, 355 F. Supp.2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supercedes the original complaint, thus making the motion to dismiss the original complaint moot.") (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)), *app. dis.*, 454 F.3d 505 (6th Cir. 2006).[3]

Accordingly, defendant's motion to dismiss the original complaint [**docket #13**] is **DENIED**

---

[3]

*See also Professional Locate v. Prime, Inc.*, No. 07-0175, – F. Supp.2d –, 2007 WL 1624792, at *5 (S.D. Ala. June 4, 2007) ("Professional's Motion for Leave to Amend Complaint . . . is granted.  * * *  Defendant Elliott's motion to dismiss for lack of personal jurisdiction . . . is now moot because it relates to a superseded complaint . . . .");

*Tatum v. R.J. Reynolds Tobacco co.*, No. 1:02cv373, – F. Supp.2d –, 2007 WL 1612580, at *4 (M.D.N.C. May 31, 2007) ("Because the First Amended Complaint was superseded by the Second Amended Complaint, all other pending motions were denied as moot.");

*Busch v. Williams*, No. 3:06cv1352, – F. Supp.2d –, 2007 WL 2254939, at *2 (N.D. Tex. Feb. 7, 2007) ("[G]ranting Busch leave to amend effectively moots defendants' motions to dismiss – which are addressed to a . . . petition that will be superseded . . . .");

*Peeples v. Beneficial Nevada, Inc.*, No. 2;06cv1079, 2006 WL 3228421, at *1 (D. Nev. Nov. 3, 2006) ("Because Plaintiff's amended complaint supersedes the original complaint in its entirety, *see London v. Coopers & Lybrand*, 644 F.3d 811 (9th Cir. 1981), Defendant's Motion to Dismiss Plaintiff's original complaint is moot.").

**as moot**.

**IT IS SO ORDERED this 18th day of September 2007.**

/s/ Paul L. Maloney

Honorable Paul L. Maloney
United States District Judge